

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 21, 1961

Dr. J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. WW- 1195

Re: Whether the phrase "par-
ticipating in political
affairs" used in Article
2922-21a, Vernon's Civil
Statutes, has reference
to running and holding
an office, or does it
refer to campaigning for
other candidates or both.

Dear Dr. Edgar:

We have received your request for an opinion as
to whether the phrase "participating in political affairs"
as used in Article 2922-21a, Vernon's Civil Statutes,
includes running for and holding office, as well as
campaigning for other candidates, or both.

The Court, in Reardon v. State, 4 Tex. App.
602, 611, (1878), stated:

"The word participate is derived from
two latin words, 'pars', meaning part, and
'capio', meaning to take; and hence it means
to take part, to share in common with others."

Words and Phrases, Volume 31, page 227, contains
the following definition:

"The word 'participate' is not a word of
art but a word in common usage, meaning to have
a part in and to share the benefits of some
action or situation involving other persons."

Webster's International Dictionary, Second Edition,
defines "political" as follows:

"Of or pertaining to polity or politics,
or the conduct of government, referring in the
widest application to the judicial, executive,
and legislative branches; of or pertaining to,

or incidental to, the exercise of the functions vested in those charged with the conduct of government; relating to the management of affairs . . ."

". . .Of or pertaining to those who make a business or profession of politics, or politicians in their partisan activities; as, he is actuated by merely political motives."

The same authority defines "politics" as:

"Political affairs viewed as a profession, interest, or the like; as to enter politics, to discuss politics; the reformation of politics."

Webster's International Dictionary, Second Edition, also defines "affair" as:

". . .That which is done or is to be done; matter; concern; as, a difficult affair to manage; business of any kind, commercial, professional, or public; often in politics, as a man of affairs."

In Walker v. United States, 93 F. 2d 383 (1937), the court states that:

"The word 'affairs' is an inclusive term, bringing within its scope and meaning anything that a person might do."

Article 2022-21a, Section 8, paragraph 4, Vernon's Civil Statutes, is quoted as follows:

"No school district, Board of Education, superintendent, assistant superintendent, principal, or other administrator shall directly or indirectly coerce any teacher to refrain from participating in political affairs in his community, state or nation."

It is elementary that, in construing a statute, the intention of the Legislature enacting it must, if possible, be ascertained and carried into effect. In Cockrell v. Robinson, 149 N.E. 871, (1925), the Supreme Court of Ohio stated that:

"In the construction of a statute, the primary duty of the court is to give effect to the intention of the Legislature enacting it. Such intention is to be sought in the language

employed and the apparent purpose to be sub-
served, and such a construction adopted which
permits the statute and its various parts to
be construed as a whole and give effect to
the paramount object to be attained."

Thus, the question here is the object of the
Legislature in enacting this statute which includes the
phrase, "participating in political affairs." Since there
is no restrictive language used in the section of the
statute under consideration, it is obvious that the phrase
is to be used in its broad sense and that it was the
intention of the Legislature that the expression, "par-
ticipating in political affairs" be all-inclusive and
comprehensive in its application. If a school teacher
should campaign for a person running for a public office
and solicit money for political campaigns or organizations
serving political causes, it would be highly inconsistent
for the Legislature to say to the same person that he
cannot serve as an officer of such political organization
or run for a public office and vice versa.

In United States v. Goldenberg, 168 U.S. 95,
97, (1897), the court states that:

"legislatures are presumed to know the
meaning of words and rules of grammar."

and in the case of State v. Cudahy Packing Co., 82 P.
833, 837, (1905), the court said:

"The intention of any legislation must
be inferred in the first place from the plain
meaning of the words used. If this intention
can be so arrived at, the courts may not go
further and apply other means of interpretation
. . ."

Again, in the case of Osterhold v. Boston &
Montana C.C. & S. Mon. Co., 107 P. 499, 502 (1910),
this court said:

"It is not allowable. . .when the words
have a definite and precise meaning, to go else-
where in search of conjecture in order to restrict
or extend their meaning. Statutes should be read
and understood according to the natural and most
obvious import of the language, without resorting
to subtle and forced construction for the purpose
of either limiting or extending their operation
. . .'A primary rule of construction is that the

> Legislature must be assumed to have meant
> precisely what the words of the law, as
> commonly understood import; and this may be
> said to be the fundamental and controlling
> rule of construction.'"

Applying the above principles, it is clear that the words "participating in political affairs" are not technical words at all, and none of them have acquired a peculiar meaning in the law so they must be taken in their ordinary sense and with the meaning commonly given to them. The language used is plain, simple, and direct, and we think it construes itself. The words were used to convey but one meaning and that is that school teachers are not to be restrained from participating in any political affairs which would include running for and holding public office, campaigning for others or any activity involved in the orderly conduct of politics.

There is no provision in Article 2922-21a, other than the one quoted above, or a provision in any other statute that we have been able to find, pertaining to politics or political action on the part of teachers in the public schools nor is there any history of such a statute regarding this subject in relation to teachers. Therefore, we can find no justification whatsoever for limiting the meaning of the words "participating in political affairs" so as to exclude either running for or campaigning for other candidates. The words "political affairs," in their natural meaning would include any political affair that a person might wish to enter in the field of politics whether the person wishes to vote in an election, campaign for others running for office, or run for office himself. It would be a forced construction of these words to limit their application to voting or campaigning for others and deny the right to run for office. We do not believe that any such conclusion was intended.

Therefore, it is evident that the words "participating in political affairs" in this statute are being used in their usual sense and it is the opinion of this office that the phrase is broad enough to include running for and holding an office as well as campaigning for other candidates running for political offices, there being nothing in the statute to restrict this phrase.

## S U M M A R Y

The phrase "participating in political affairs"

as used in Article 2922-21a, Vernon's Civil
Statute is broad enough to include running
for and holding political office as well as
campaigning for other candidates running for
political office, there being nothing in the
statute to restrict this phrase.

WILL WILSON
Attorney General of Texas

By Iola Barron Wilcox
Assistant

IBW:kh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Mary K. Wall
W. Ray Scruggs
W. O. Shultz
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee